COPY

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 2008 JAN 23 PM 1:38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE: SUBPOENA SERVED ON PHARM/DUR, INC.<br><br>Medical Card System, Inc., MCS Life Insurance, Inc., and MCS Advantage, Inc. Petitioners | CASE NUMBER<br><br>U. S. DISTRICT COURT - DE<br>MISC. CASE # 0 8 - 0 8 |
|---|---|

**EMERGENCY MOTION TO QUASH OR MODIFY SUBPOENA *DUCES TECUM* AND/OR TO REQUEST THAT ANCILLARY DISCOVERY DISPUTE BE TRANSFERRED TO THE US DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**TO THE HONORABLE COURT:**

**COME NOW PETITIONERS** Medical Card System, Inc., MCS Life Insurance, and MCS Advantage (hereinafter collectively referred to as MCS), through the undersigned counsels and very respectfully **SET FORTH** and **PRAY:**

## INTRODUCTION

On October 2, 2007, MCS filed a lawsuit against defendants CVS/Caremark, Inc. and SilverScript, Inc. before the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Court. In said civil action, MCS presented claims against Caremark/SilverScript for breaching the contracts signed between MCS and defendants, for the management of the pharmacy benefit programs that MCS brings to its clients. At the gist of MCS' claims is the improper use from Caremark/SilverScript of confidential information conveyed to them in the course of business, to reach MCS' clients despite the confidentially

clauses contained in the contracts. MCS' causes of actions are premised on the laws of the Commonwealth of Puerto Rico, and the contracts agreements between MCS and Caremark/SilverScript specifically provide that the laws of Puerto Rico will govern the interpretation of said contracts.

Based on diversity of citizenship of the parties, the case was subsequently removed by defendants under 28 U.S.C. §1441 to the US District Court for the District of Puerto Rico, where it was docketed as Civil Case No. 07-1951 (JP), with US Senior District Judge Jaime Pieras presiding.

Petitioners are for profit corporations duly registered in the Commonwealth of Puerto Rico, and are providers of medical plans coverage thereat. From 2003 to 2007, MCS signed contracts –or extended the duration of contracts already existing- with Caremark/SilverScript, to retain Caremark and SilverScript's services as pharmacy benefit managers for MCS' commercial and Medicare Part D clients.

In September 2007, MCS informed Caremark and SilverScript that their services would not be retained after the expiration date established in the contract, which was December 31, 2007. Thus in the aforementioned date, the contractual relationship between MCS and Caremark/SilverScript ended. Currently MCS' pharmacy benefits programs are being administered by Catalyst Rx, which was retained by MCS after deciding to not renew Caremark/SilverScript's contracts.

The subpoena herein objected by MCS was purportedly served by Caremark/SilverScript on Pharm/DUR on, or around of, January 3, 2008. Said

subpoena was purportedly issued by Caremark/SilverScript's attorneys pursuant to Fed. R. Civ. P. 45, on behalf of the US District Court for the District of Delaware. Nevertheless, the subpoena at issue commands Pharm/Dur to produce the documents in Chicago, Illinois in total contravention of the pellucid provisions of Rule 45 (a)(3) (A) and (B) which authorize an attorney, as an officer of the court, to issue subpoenas on behalf of a court in the following scenarios:

(A) a court in which the attorney is authorized to practice;

(B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

The fact that the subpoena duces tecum challenged was issued on behalf of a district court different from the district where the production is compelled, brings by itself reason strong enough for this court to quash the subpoena served by Caremark/SilverScript, since this Court does not have jurisdiction to enforce it. See Exhibit 1.

Further reasons that revolves around the potential divulgement of privileged trade secrets and weigh in favor of Petitioners' motion to quash or modify, or in the alternative to transfer the instant discovery dispute to the US District of Puerto Rico, are discussed below.

Upon information and belief, as of the filing of the instant motion the documents requested by Caremark/SilverScript have not been produced by Pharm/DUR.

Although the documents received by MCS in regards to Pharm/DUR subpoena include a page to certify the proof of service, the spaces in said page were left blank and it is impossible to know whether or not the subpoena was ever served or when. See Exhibit 1. These failures go against the basic principles of due process and notice of the servicing of subpoena documents as established in Rule 45.

Pharm/DUR is not a party in the MCS-Caremark/SilverScript litigation currently undergoing before the US District Court for the District of Puerto Rico, nor part of the claims raised by MCS therein. The only relation Pharm/DUR has had with MCS stems from the fact that the latter retained the services of Pharm/DUR during the year 2007 to audit certain areas of the services provided by Caremark/SilverScript under their contracts with MCS. Now Caremark/SilverScript attempt to bolster their counterclaims against MCS, by requesting documents from third parties with whom MCS have or had business relationships.

Because of the flagrant flaws incurred by the defendants in the issuance and service of the subpoena previously described, and the fact that MCS' privileged communications, trade secrets, and commercial information would be severely jeopardized if Pharm/DUR is compelled to produce all the subpoenaed materials, judicial relief is requested. With the subpoena and the document rider served on Pharm/DUR, Caremark/SilverScript have cast a blanket request that does not distinguish or differentiate documents that are strictly confidential

pursuant to the business relationship MCS held with Pharm/DUR in auditing the administration of MCS' pharmacy benefit programs by Caremark/SilverScript.

**Request to quash or modify the subpoena *duces tecum* served on Pharm/DUR**

The form requisites prescribed by Rule 45 for the issuance of subpoenas leave no room for discussion as to from which court a subpoena duces tecum shall issue: the court for the district where production or inspection is to be made. Even if the subpoena is signed by an attorney on behalf of a court as allowed by the rule, his/her faculty for the issuance of subpoenas ad testificandum or duces tecum in a judicial district different from the one where the underlying action is pending, has constraints because that power does not go beyond the geographical boundaries of the district where the deposition is to be taken or where the production or inspection is to be made. See Rule 45 (a)(2) and (a)(3)(B).

Thus, is forcible to conclude that Caremark/SilverScript could not issue a valid subpoena on behalf of the U.S. District Court for the District of Delaware, for an action pending in the U.S. District Court for the District of Puerto Rico, and command the production of documents in Chicago, Illinois.

As long as the attorney is admitted to practice in that district, the attorney can issue the subpoena in the name of that court, or when the subpoena seeks a deposition or discovery in a distant district, in the name of the court **in the district in which the subpoena will be operative** as long as the attorney is admitted in the district in which the action is pending. See 9A Wright & Miller,

Federal Practice and Procedure: Civil 2d §2453 at 22 (2nd Ed. 1995) (emphasis added). See also Cusumano v. Microsoft Corp., 162 F.3d 708 (1st Cir. 1998).

Pursuant to Fed. R. Civ. P 45 (c)(3)(A)(iii) and (c)(3)(B)(i), on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires the disclosure of privileged or other protected matters, trade secrets, or other confidential research, development or commercial information, and no exception or waiver applies. From the statutory provisions set forth by Rule 45, it is clear that a subpoena duces tecum cannot be used by a party to obtain privileged documents. Although a subpoena duces tecum is an essential instrument for locating evidence and finding the facts, under some circumstances it must yield to a weightier policy embodied in a privilege. See 9A Wright & Miller, Federal Practice and Procedure: Civil 2d §2438 at 36-37 (1995).

Ordinarily a motion to quash or modify a subpoena duces tecum may only be filed by the party to whom the subpoena is directed. In cases where a subpoena is served on a non-party, a party usually does not have standing to request the subpoena be quashed unless that party has a personal right or privilege with respect to the subject matter requested in the subpoena.

Rule 501 of Federal Rules of Evidence is a starting point for guidance to ascertain whether a privilege exists, and the substantive law applicable to determine the existence of privileges. Within that realm, the provision of Rule 501 relevant to the instant motion reads as follows:

> "However, in civil actions and proceedings, with respect to an element of a claims or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government,

> Sate of political subdivision thereof shall be determined in accordance with State law".

Following the strictures of Rule 501, any ruling to determine the existence or absence of a privilege with regards to the ancillary discovery dispute brought herein before this Court, must be made following the substantive law applicable to the underlying litigation which is the law of Puerto Rico. See Fed. R. of Evid. 501; Erie Railroad v. Tompkins, 304 U.S. 64 (1938).

Pursuant to Puerto Rico Rules of Evidence, Rule 30 (34 L.P.R.A. App. IV, R. 30) "[t]he owner of a trade secret has the privilege to refuse to disclose the secret, which may be invoked by his agent, or employee or by himself and to prevent another from disclosing it, if the allowance of the privilege will not tend to conceal fraud or otherwise cause an injustice. If disclosure thereof were ordered, the judge shall take the necessary measures to protect the interests of the owner of the trade secret, of the parties involved and of justice".

It is MCS' position that almost all of Caremark/SilverScript's requests in the Pharm/DUR subpoena fall within the prohibition of disclosure recognized under Puerto Rico Rules of Evidence, Rule 30, because they call for information related to MCS' specific trade operations that could be exploited by the competition to the detriment of MCS. Most of Caremark/SilverScript's requests deal with the audits performed by Pharm/DUR on behalf of MCS.

Requests 4, 5, and 17 of the subpoenaed materials deserve closer attention, as they clearly portrait MCS' contentions against the disclosure of information on how MCS conducts business.

Requests 4, 5, and 17 of the Pharm/DUR subpoena ask for the production of documents as follows:

> *4. All contracts or other agreements between You and Plaintiffs which refer or relate to any audit, advice, review, or other assessment of any services provided by Defendants to Plaintiffs.*
>
> *5. All documents evidencing or relating to any communications between You and Plaintiffs which refer or relate to any services provided by Defendants to Plaintiffs, or any audit, advice, review, or other assessment of any services provided by Defendants to Plaintiffs.*
>
> *17. All communications between You and Plaintiffs referring or relating to this Litigation, and/or any of the claims, counterclaims, or allegations asserted therein.*

At the outset must be stated that neither the subpoena nor the document rider provide a timeframe for the documents requested. As was explained above, MCS retained the services of Pharm/DUR to audit different areas of the services rendered by Caremark/SilverScript under their contracts with MCS. Throughout the audit proceedings conducted by Pharm/DUR, Caremark/SilverScript had knowledge of the audits, and even had the opportunity to submit its responses to the findings arising in the review.

Nonetheless, MCS' comments and remarks to Pharm/DUR in connection with the audit process, and the contract thereof, contain confidential information that competitors could adversely use against MCS. In order to conduct a productive audit process, MCS had to give Pharm/DUR information about its operations. For an example as to how case the US District Court for the District

of Puerto Rico has read Rule 30 of the Puerto Rico Rules of Evidence, see Ortiz Mercado v. Puerto Rico Marine Management, Inc., 736 F. Supp. 1207 (1990).

Given the lack of specificity and abundance of generalities in Caremark/SilverScript' requests, commercial information developed by MCS along with Pharm/DUR to assure a complete auditing process, certainly falls in the petitions made by Caremark/SilverScript under requests 4, 5 and 17.

Moreover, if the production of documents requested by Caremark/SilverScript is allowed as requested in the subpoena and the document rider herein challenged, MCS will be place in a situation of defenselessness to protect its trade secrets because of a disclosure commanded over a third party with whom MCS is currently doing business.

Such disclosures are the ones that Rule 30 of the Puerto Rico Rules of Evidence and Rule 45 of the Federal Rules of Civil Procedure intend to foreclose from divulgement, as part of the public policy to protect privileged commercial information legitimately developed in the course of business.

**TRANSFER AS AN ALTERNATE MEASURE FOR THE CASE AT HAND**

Fed. R. Civ. P. 45 provides how subpoenas shall be issued, serviced, and enforced, as well as the procedures to object a subpoena. Since the amendments introduce to Rule 45 in 1991, it is beyond discussion that the proper forum to request that a subpoena be quashed or modified, is the issuing court. This is so because it is in the court's interest to protect its authority in the enforcement of subpoenas issued in its jurisdiction.

Although Rule 45 provides as to which forum a Motion to Quash of Modify a subpoena shall be filed, there is a generalized trend in caselaw that sustain nothing in the language of Rule 45 precludes the issuing court from transferring the discovery dispute involving a challenged subpoena served over a non-party, to the court where the underlying litigation is pending, once the challenges have been brought to the court. See Stanziale v. Pepper Hamilton, et al., 2007 U.S. Dist. Lexis 11320 (S.D.N.Y). See also In re Digital Equip. Corp., 949 F. 2d 228, 231, (8th Cir. 1991) (court that issued deposition subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); Petersen v. Douglas County Bank & Trust Co., 940 F. 2d 1389, 1391 (10th Cir. 1991) (finding that magistrate judge's transfer of motion to quash nonparty subpoena was proper) ("The absence of any language in Rule 45 (d) prohibiting transfer of a motion to quash, coupled with this permissive language [in Rule 26] regarding transfer of motions for protective orders which refers to Rule 45 deponents as well as to parties, is enough to validate the [transfer] action of the Kansas magistrate.") (citation omitted); United States v. Star Scientific, 205 F. Supp. 2d 482 (D. Md. 2002)(transferring motion to compel nonparty to comply with subpoena to district in which the underlying action was going forward); Smithkline Beecham Corp. v Synthon Pharms., Ltd, 210 F.R.D. 163,169 n.7 M.D.N.C. 2002) ("The third-party subpoena route has the added benefit of allowing the court in which the main litigation is pending to make the ruling.").

In reaching the decision in Star Scientific, the US District Court for the District of Maryland, determined that the transfer would be convenient, and that

the transferee court was in a better position to evaluate claims of confidentiality, undue burden, and relevancy involved in the discovery dispute. Along with this rationale is the view that the court where the originating case is pending could have a better understanding of the factual and legal background of the claims.

Transfer would also best serve the interest of justice, and judicial efficiency, particularly as some of the privilege claims had already been raised before the Puerto Rico Court. A pragmatic approach to the achievement of the "just, speedy, and inexpensive determination of every action" - principles deeply rooted in Fed. R. Civ. P. 1 that have been considered by the US Supreme Court as touchstones of federal procedure-, weighs also in favor of granting petitioners' motion to quash or modify the subpoena challenged, or in the alternative to transfer the discovery dispute at hand to the US District Court for the District of Puerto Rico. See Brown Shoe Co., Inc. v United States, 370 U.S. 294 (1962).

**WHEREFORE** it is very respectfully requested from this Honorable Court that the instant Motion to Quash or Modify, or in the Alternative to Transfer to the US District Court for the District of Puerto Rico, be hereby **GRANTED.**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this day an exact and true copy of the instant document has been sent by certified mail to:

Robert H. Griffith, Esq.
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago IL 60610
(Caremark/SilverScript's attorneys)

Pharm/DUR, Inc.
c/o Corporation Guarantee and Trust Company
The Brandywine Building 1001 West Street 17th Floor
Wilmington, DE 19801

In San Juan, Puerto Rico, this 21st day of January, 2008.

**RESPECTFULLY SUBMITTED.**

LAW OFFICES OF PEDRO ORTIZ ÁLVAREZ, PSC
P.O. Box 9009
Ponce, Puerto Rico 00732
Tel (787) 841-7575
Fax (787) 841-0000

CARMEN EDITH TORRES RODRÍGUEZ
USDC-PR Number 222313
e-mail: ctorres@poapr.com

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| Medical Card System, Inc., et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 07-1951(JP) |
| CVS/Caremark, Inc., et al., | ) | |
| Defendants. | ) | |

NOTICE OF SUBPOENA

To: Pedro Ortiz Alvarez
Jorge Martinez Luciano
Carmen Edith Torres Rodriguez
Law Offices of Pedro Ortiz Alvarez, PSC
Calle Salud 1423 (antes #59)
Ponce, Puerto Rico 00730-5325

**PLEASE TAKE NOTICE** that Defendants, Caremark, L.L.C. f/k/a Caremark Inc., and SilverScript, L.L.C. f/k/a SilverScript, Inc. have subpoenaed documents from Pharm/DUR, Inc. as specified in the attached Subpoena.

Dated: January 3, 2008

Caremark, L.L.C. f/k/a Caremark Inc., and
SilverScript, L.L.C. f/k/a SilverScript, Inc.

By: [signature]
Robert H. Griffith
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
(312) 832-4500
Attorneys for Defendants

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Medical Card System, Inc., et al.

V.

CVS/Caremark, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-1951(JP)

PENDING IN DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

TO: Pharm/DUR, Inc.
c/o Corporation Guarantee and Trust Company
The Brandywine Building,1000 West Street, 17th Floor
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Rider

| PLACE | DATE AND TIME |
|---|---|
| Robert Griffith<br>Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, IL 60610 | 1/24/2008 12:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendants | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert Griffith
Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, IL 60610

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________________
DATE SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

______________________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable to this subpoena:

1. This subpoena seek information current as of the date of service and to the full extent permitted under the Federal Rules of Civil Procedure. As these Requests are of a continuing nature, you are obligated to promptly supplement or correct any response that is incomplete, inaccurate, or which requires an additional response to comply with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26(e).

2. The terms "identity," "identify," and "identification," when used in reference to a Document or Documents, mean to state: (1) the date, if any, which the Document bears; (2) the "identity" of the persons to whom the Document is addressed; (3) the "identity" of the author (or, if different, the signor or signors) of the Document; (4) the "identity" of all persons having possession, custody, or control of each original or legible copy of the Document; (5) the type of Document (e.g., letter, memorandum, telegram, chart, sketch, diagram, etc.); (6) the substance of the Document; and (7) any other description necessary to identify the Document with sufficient particularity to meet the requirements for its production.

3. Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, please produce the requested documents or things as they are kept, or organized and labeled to correspond to the categories set forth below.

4. If any document or communication requested herein has been destroyed or discarded, state as to each such document or communication: (a) the nature of the document or communication; (b) the identity of the person or persons who destroyed or discarded it; (c) the full circumstances of its destruction or discarding; and (d) the reason or reasons why the document or communication was destroyed or discarded. Produce all documents and communications that concern the destruction of each such document or communication.

5. "You," "your," and "Pharm/DUR" shall refer to Pharm/DUR, Inc., including, but not limited to, its predecessors, successors, assigns, parents, subsidiaries, operating units, affiliates, licensees, franchisees, related companies or entities, officers, employees, agents, and representatives thereof, to the fullest extent the context permits.

6. "Plaintiffs" shall refer to Medical Card System, Inc., MCS Life Insurance Company and MCS Advantage, Inc., including, but not limited to, their predecessors, successors, assigns, parents, subsidiaries, operating units, affiliates, licensees, franchisees, related companies or entities, officers, employees, agents, and representatives thereof, to the fullest extent the context permits.

7. "Defendants" shall refer to Caremark, L.L.C., f/k/a Caremark Inc., and SilverScript, L.L.C., f/k/a SilverScript, Inc., and their predecessor entities.

8. "Litigation" means the captioned lawsuit on the face of this Subpoena, Case No. 07-1951 (JP), removed to the United States District Court for the District of Puerto Rico.

9. "Complaint" means the Complaint filed by Plaintiffs in this matter.

10. "Document(s)" are used in the broadest possible sense and shall refer to, without limitation, all written, printed, typed, photo static, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following: electronic mail, computer-stored or computer-readable data, computer programs, computer printouts, correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

11. The terms "referring to," "relating to," and "regarding" shall refer to memorializing, mentioning, describing, pertaining to, connecting with, constituting, embodying, concerning, evidencing, supporting, consisting of, stating, setting forth, discussing, analyzing, used in considering or evaluating, having any logical or factual connection with, or reflecting upon a stated subject matter, whether directly or indirectly.

12. "Person" or "persons" shall refer to any natural person or entity, including, but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures, and any other legally recognized entity of any description whatsoever.

13. "Communication" shall refer to any discussion, conversation, meeting, conference, correspondence, memoranda, telephone call or message, facsimile transmission, e-mail, notes, or any other form of transmittal of information of any kind.

14. "Confidential Information" shall mean proprietary or confidential technical and business information, databases, trade secrets, and innovations, including any pricing and/or formulary information.

15. In construing these Requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neuter term shall include all other genders. The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any"

shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

16. As required by Rule 45(d)(2) of the Federal Rules of Civil Procedure, with respect to any information you assert to be protected or privileged, you must expressly identify the nature of the privilege asserted, indicate the factual basis for the privilege, and describe the nature and the content of the allegedly privileged information in sufficient detail to enable the demanding party to contest the claim.

17. Unless otherwise specified, the relevant period for which these requests are to be answered is the period commencing January 1, 2003, and continuing through the time of the response to this Subpoena.

**REQUESTS**

1. All documents referring or relating to any audit conducted by or on behalf of Plaintiffs relating to any services provided under any contract between Defendants and Plaintiffs, including but not limited to all documents referring or relating to any audits of Defendants' retail pharmacy network.

2. All documents referring or relating to, or evidencing Your involvement or participation in any audit conducted by or on behalf of Plaintiffs relating to any services provided under any contract between Defendants and Plaintiffs, including but not limited to all documents referring or relating to any audits of Defendants' retail pharmacy network.

3. All documents and other information provided to, shared with, or the contents of which were shared with You which refer or relate to the services provided by Defendants to Plaintiffs, or any audit conducted by or on behalf of Plaintiffs relating to any services provided under any contract between Defendants and Plaintiffs, including but not limited to all documents referring or relating to any audits of Defendants' retail pharmacy network.

4. All contracts or other agreements between You and Plaintiffs which refer or relate to any audit, advice, review or other assessment of any services provided by Defendants to Plaintiffs.

5. All documents evidencing or relating to any communications between You and Plaintiffs which refer or relate to any services provided by Defendants to Plaintiffs, or any audit, advice, review or other assessment of any services provided by Defendants to Plaintiffs.

6. All documents relating or referring to Medicare Part D drug pricing and pharmacy data developed by SilverScript for the 2008 plan year.

7. All documents evidencing or relating to any communications relating or referring to Medicare Part D drug pricing and pharmacy data developed by SilverScript for the 2008 plan year.

8. All documents provided to You referring or relating to the proposed formulary, pricing and pharmacy data that SilverScript had offered to MCS for its 2008 plan year prior to the termination of the parties' relationship.

9. All documents evidencing or relating to any communications between You and Plaintiffs which refer or relate to the proposed formulary, pricing and pharmacy data that SilverScript had offered to MCS for its 2008 plan year prior to the termination of the parties' relationship.

10. All documents relating or referring to, or evidencing the information submitted by MCS to CMS to be publicly reported on the Medicare Prescription Drug Plan Finder (MPDPF)

on www.medicare.gov for the 2008 plan year, including but not limited to all communications with CMS relating to such topics.

11. All documents evidencing or relating to any meetings held where any audit of the services provided under any contract between Defendants and Plaintiffs, including but not limited to any audits of Defendants' retail pharmacy network, was discussed.

12. All documents evidencing or relating to any meetings held where Medicare Part D drug pricing and pharmacy data developed by SilverScript for the 2008 plan year was discussed.

13. All documents and information comprising, referring, or relating to any of Defendants' Confidential Information or trade secrets.

14. All documents referring or relating to Plaintiffs' communication or disclosure of Defendants' Confidential Infonnation or trade secrets.

15. All documents and communications between You and Plaintiffs referring or relating to Defendants, including but not limited to all documents provided to Pharm/DUR which refer or relate to Defendants.

16. All documents referring or relating to Defendants.

17. All communications between You and Plaintiffs referring or relating to this Litigation, and/or any of the claims, counterclaims, or allegations asserted therein.

18. All communications between You and anyone else referring or relating to this Litigation, and/or any of the claims, counterclaims, or allegations asserted therein.

19. All documents referring or relating to Plaintiffs' failure to pay Defendants' invoices to Plaintiffs for services provided.

20. All documents evidencing or relating to any communications referring or relating to Plaintiffs' failure to pay Defendants' invoices to Plaintiffs for services provided.

21. All documents referring or relating to any contracts between the Plaintiffs and Defendants, including any exhibits, riders, amendments or addendums thereto, or amendments or renewals thereof.

22. All documents referring or relating to any communications relating to any contracts between the Plaintiffs and Defendants, including any exhibits, riders, amendments or addendums thereto, or amendments or renewals thereof.

23. All documents referring or relating to any negotiations of any contracts between the Plaintiffs and Defendants including any exhibits, riders, amendments or addendums thereto, or amendments or renewals thereof.

CERTIFICATE OF SERVICE

I, Robert H. Griffith, an attorney, hereby certify that on January 3, 2008, a copy of the Notice of Subpoena and Subpoena to Pharm/DUR, Inc., was deposited in the United States mail chute located at 321 North Clark Street, Chicago, Illinois 60610, proper postage prepaid and addressed to:

Pedro Ortiz Alvarez
Jorge Martinez Luciano
Carmen Edith Torres Rodriguez
Law Offices of Pedro Ortiz Alvarez, PSC
Calle Salud 1423 (antes #59)
Ponce, Puerto Rico 00730-5325

Alberto Rodriguez Ramos
Angel A. Valencia-Aponte
Martinez Odell & Calabria
P.O. Box 190998
San Juan, Puerto Rico 00919-0998
Tel. 787-753-8914
Fax. 787-764-5614

Marisol Soledad Pineiro
Banco Popular Center, Suite 1818
209 Munoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel. (787) 250-8304/8314
Fax. (787) 758-4236

Robert H.Griffith